GAZELLA M. JONES v. N. A. SHERMAN.

[FILED APRIL 13, 1892.]

1. **Building Contract**: WORK AND LABOR: REVIEW. In an action for remodeling a house the defendant pleaded a special contract in writing, and full performance under that contract, while the plaintiff claimed to recover under a verbal contract; and the testimony, being in conflict upon those points, was proper for the jury to consider.

2. ———: ———: MECHANICS' LIENS AS SET-OFF. The defendant set up a number of mechanics' liens upon the property and claimed them as a set-off without having paid the same. There was no claim that the contractor was insolvent or that he would not satisfy such liens. *Held,* That the liens, to be available as a set-off, must be satisfied.

ERROR to the district court for York county. Tried below before NORVAL, J.

*George B. France,* for plaintiff in error.

*Sedgwick & Power, contra.*

MAXWELL, CH. J.

This action was brought by the defendant in error against the plaintiff in error to recover the sum of $536.90, balance alleged to be due him for labor and material furnished in remodeling a dwelling house. An itemized copy of the account is set out in the petition.

To this petition the defendant below answered in substance, that the items set forth in the petition were furnished under a written contract with the plaintiff below for the erection of said building and that defendant has paid all of said claims. "That the plaintiff has failed to complete said contract as he agreed to do, in this, to-wit, the plaintiff failed to put onto the building two sets of blinds, and put summer front and fender on the grate, and failed to bridge the joists in the lower floor, and failed to put in a proper and suitable door in the front part, and failed to perform the residue of the work in a skillful and workmanlike manner, whereby, and by reason of the premises, the defendant has been damaged in the sum of $100. Without controverting the admissions in the petition as herein expressly admitted or denied, the defendant denies each and every allegation in said petition contained. The plaintiff has failed to pay the lumbermen for the lumber used in said building, and the said lumbermen, W. K. Ball & Son, a firm doing business in the city of York, Nebraska, have filed a mechanic's lien upon the said building and the lot upon which the same is located for the sum of $99.47; and the plaintiff has failed to pay the brick mason for the work done by him upon said building, and the said mason, Geo. E. Peabody, has filed a mechanic's lien upon said building and lot upon which the same is located for the sum of $136.70; and the said plaintiff has failed to pay the painters for the painting done on said building, and the said painters, Wood & Son, have filed a mechanic's lien upon said building and lot

upon which the same is located for the sum of $84.55; and the plaintiff has failed to pay the hardware merchants, Orelop Pearson & Co., a firm doing business, for the hardware, grate, etc., used in said building, and the said hardwaremen have filed a mechanic's lien upon said building and the lot upon which the same is located for the sum of $46.

"Defendant asks that the said W. K. Ball & Son, and the said Wood & Son, Orelop Pearson & Co., and Geo. E. Peabody may be made parties to the said suit and may be required to answer, setting up whatever claim they may have against the said building and lot upon which the same is located. Defendant alleges the facts to be that said mechanics' liens are a cloud upon the title, and asks that she may have judgment for the amount claimed in said mechanics' liens, together with interest thereon at the rate of ten per cent per annum from the 1st day of February, 1888, and for her damages hereinbefore mentioned, amounting in all to the sum of $416.72."

The plaintiff below in his reply admits the mechanics' liens and denies the other allegations in the answer. On the trial of the cause the jury returned a verdict for the sum of $536.95, and upon overruling a motion for a new trial judgment was entered on the verdict. The questions of fact were fairly submitted to the jury, and as the evidence is conflicting upon the question whether or not the contract is in writing or merely verbal, the case was one proper for a jury to consider. The defendant below pleads the mechanics' liens as a set-off without having paid the same. In such case the liens cannot be pleaded as a set-off because the contractor is personally liable for the same, and the amount of such liens could be recovered from him, as the remedy by foreclosing the lien is merely cumulative; but being a valid charge upon the property for which it is liable to be sold, the court might, in case of the insolvency of the contractor, or other sufficient cause, order the liens

satisfied out of the amount due him.  No such relief is claimed here however.  It is to be presumed therefore that the contractor is perfectly solvent and will satisfy the liens in question.  There is no error in the record and the judgment is

AFFIRMED.

POST, J., concurs.

NORVAL, J., having presided in the court below, took no part in the decision.